**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4926**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MARLON PETTAWAY, a/k/a Chrome,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:09-cr-00017-MSD-FBS-1)

Submitted:  February 23, 2011          Decided:  March 17, 2011

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen A. Hudgins, STEPHEN A. HUDGINS, PC, Newport News, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Pettaway appeals his conviction and 408-month sentence for one count of retaliation against a witness in violation of 18 U.S.C. § 1513(b)(1) (2006). His sole contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea. The Government has filed a brief urging the court to dismiss Pettaway's appeal as barred by the appellate waiver in Pettaway's plea agreement. For the reasons that follow, we affirm.

## I. Appellate Waiver

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted).

While the Government is correct that Pettaway agreed to waive his right to appeal his conviction and sentence, this

2

court has held that where, as here, an appellant challenges the denial of his motion to withdraw his guilty plea on the basis that the plea was not knowing or voluntary, an appeal waiver does not prevent this court from hearing the appeal. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). We therefore decline the Government's invitation to dismiss the appeal.

## II. Motion to Withdraw Guilty Plea

Pettaway argues that the district court erred in denying his motion to withdraw because at the time he entered the guilty plea, he was suffering from an undiagnosed case of sarcoidosis, an autoimmune condition. Pettaway claims that he was so fatigued, and under such stress as a result of the condition, that he chose to plead guilty rather than endure the hardship of a trial. He claims that after the disease was diagnosed and treated, he has able to fight the charges, and, thus moved to withdraw the plea.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show that a "fair

3

and just reason" supports his request to withdraw his plea.  Id.

"[A] 'fair and just' reason . . . is one that essentially

challenges . . . the fairness of the Rule 11 proceeding."

United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en

banc).

In determining whether Pettaway has carried his

burden, the court considers six factors:

> (1) whether the defendant has offered credible
> evidence that his plea was not knowing or not
> voluntary, (2) whether the defendant has credibly
> asserted his legal innocence, (3) whether there has
> been a delay between the entering of the plea and the
> filing of the motion, (4) whether the defendant has
> had close assistance of competent counsel, (5) whether
> withdrawal will cause prejudice to the government, and
> (6) whether it will inconvenience the court and waste
> judicial resources.

Moore, 931 F.2d at 248.  Although all the factors in Moore must

be given appropriate weight, the key in determining whether a

motion to withdraw should be granted is whether the Fed. R.

Crim. P. 11 hearing was properly conducted.  United States v.

Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).  This court closely

scrutinizes the Rule 11 colloquy and attaches a strong

presumption that the plea is final and binding if the Rule 11

proceeding was adequate.  Lambey, 974 F.2d at 1394.

We have reviewed the Moore factors and conclude that

Pettaway has not carried his burden.  Pettaway argues that

because he was ill, the plea could not have been a voluntary

4

decision. We do not agree. The illness did not affect Pettaway's ability to reason or understand the plea he was entering. Rather, even taking Pettaway's assertions as true, it merely influenced his decision to plead guilty. It did not render the decision involuntary. Moreover, Pettaway has not credibly asserted his innocence, there was a significant delay between the entry of the plea and the motion to withdraw the plea, he had close assistance of counsel, and both the Government and the courts would be burdened by allowing him to withdraw his guilty plea. Based on our consideration of the Moore factors, therefore, we conclude the district court did not err in denying the motion to withdraw the guilty plea.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5